## Gillingham *versus* Gillingham.

A promise to take a case out of the statute of limitations, must be made to the plaintiff or his agent; and besides, a declaration made by the defendant to a stranger to the suit, that he got the money mentioned in the note in suit from the plaintiff, but that it did *not belong to the plaintiff*, but to another person named by him, and that he intended to pay it, is too equivocal to amount to a promise to pay the plaintiff.

THIS case came up from the *Nisi Prius*.

It was an action of *assumpsit* brought to December Term, 1848, by Thomas Gillingham against Joseph Gillingham, to recover, with another note which was not disputed, the amount of a promissory note which was over nineteen years old. This note was as follows:—

$400.                                Philadelphia, July 28, 1829.

Twelve months after date I promise to pay to Thomas Gillingham, trustee, or order, four hundred dollars without defalcation, with interest from this date, for value received.

                                          JOSEPH GILLINGHAM.

Received 4th M. 21, 1846, of Joseph Gillingham, two hundred dollars, on account.            THOMAS GILLINGHAM.

| | |
|---|---:|
| Interest on the within note, sixteen years, seven months, and twenty-four days, | $399.60 |
| Cash received as above, | 200.00 |
| Balance of interest now due and unpaid, | $199.60 |

There was also an assignment of the note on 27th day of September, 1846, by Thomas Gillingham, trustee, to Robert P. Gillingham. It was signed by Thomas G. Gillingham, Trustee. Sealed. Reassigned November 18, 1848.

The principal ground of defence was the statute of limitations. The testimony mainly relied upon to take the claim out of the statute was that of Dr. W. H. Gillingham, who said, "within two years, Joseph (the defendant) called on me several times about a settlement between him and Thomas. In reference to the note in suit, he said, "I acknowledge I owe the money; I acknowledge I got the money of Thomas, and I intend to pay it. But it was not Thomas's money. It is my impression that legally it is Stacey's money. Equitably it is John's."

His Honor, BELL, J., instructed the jury, that if they believed Dr. Gillingham, the acknowledgment of debt and promise to pay is sufficiently plain, distinct, and unambiguous, to take the case out of the operation of the statute.

[Gillingham *v.* Gillingham.]

The case was argued by *Todd*, for plaintiff in error.—An acknowledgment to affect the party must be to the owner or his agent: 10 *Watts* 262, Mechanics Bank *v.* Wilson; 4 *Barr* 323, Morgan *v.* Walton.

*Brightly*, with whom was *Mann*, for defendant in error.

The opinion of the court was delivered January 29, by

COULTER, J.—This case is ruled by Kyle and Wells, decided at this term, the opinion in which case was foreshadowed by dictums in Walton *v.* Morgan, 4 *Barr*, and in Christy *v.* Flemington, 10 *Barr* 129, and which establishes definitively and distinctly, that a promise, to take the case out of the statute of limitations, must be made to the plaintiff or his agent.

But the alleged promise, which in fact was no promise to the plaintiff or to any one in his behalf, but a mere statement by the defendant to his friend, was too vague and uncertain, even if made to the plaintiff or his agent, to take the case out of the statute. Defendant stated that he had got the money, but that it never belonged to plaintiff, but to another person whom he named, and that he intended to pay it. But it was entirely equivocal to whom he intended to pay it.

Indeed, the whole of his conversation and the whole of the *res gesta* would seem to indicate that he meant to pay it to the person to whom it really and justly belonged.

Judgment reversed and *venire de novo* awarded.