H. R. CROMAN ET AL., v. R. S. STULL, ADMR.

ERROR TO THE COURT OF COMMON PLEAS OF BUCKS COUNTY.

Argued February 8, 1888—Decided February 27, 1888.

Diehl, the payee of an overdue note by several makers, died, bequeathing all his estate to Mrs. Diehl, who received payments on the note, inventoried it among the assets, but died herself without having collected the note or settled her husband's estate. Stull, the executor of her will, inventoried the note as of her estate, Breisch, a maker, being one of the

Statement of Facts.

appraisers. Referring to the note, Breisch then said to Stull: "In case they (the other makers) don't pay it, let me know it, then I will pay it; I don't want to have any trouble any further." Stull subsequently took out letters d. b. n. c. t. a. upon the estate of the husband and brought suit upon the note: *Held*,

1. That the plaintiff had such an interest in the note as to be the recipient of a binding promise from the maker.

2. That the words of the promise were sufficiently clear, distinct and unequivocal to toll the bar of the statute of limitations.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 280 January Term 1887, Sup. Ct.; court below, No. 28 September Term 1886, C. P.

About June 20, 1886, Reuben S. Stull, administrator d. b. n. c. t. a. of David D. Diehl deceased, brought assumpsit against Henry R. Croman, John Croman and David T. Breisch, to recover upon a promissory note made by the defendants, dated April 5, 1877, at one year, for $500, to order of David D. Diehl.. The defendants severally pleaded, payment with leave, etc., and subsequently John Croman and David T. Breisch pleaded non assumpsit infra sex annos.

At the trial on December 17, 1886, before YERKES, P. J., the note was admitted in evidence with various credits on account of principal and interest appearing by indorsements and on a detached paper, running in dates from April 1, 1883, to April 1, 1885. These payments were made by Henry R. Croman. It then appeared that David D. Diehl had died in 1881, leaving a widow Sophia Diehl, to whom by his will duly probated he had bequeathed his entire estate. Mrs. Diehl took out letters testamentary, but did nothing further towards the settlement of her husband's estate than to file an inventory thereof, when on June 9, 1885, she herself died, appointing Reuben S. Stull the executor of her will, which was duly probated. David T. Breisch, one of the defendants, was one of the appraisers in making the inventory of her estate. On June 19, 1886, Reuben S. Stull took out letters d. b. n. c. t. a., upon the estate of David D. Diehl, and then brought suit upon the note in question.

So far as affecting the plaintiff in error in this court, the further proceedings were as follows:

Reuben S. Stull, the plaintiff administrator, called on his own behalf, testified that the note in suit was found among the papers of Mrs. Diehl when her estate was appraised :—

Mr. Watson: We will show that there was a promise to pay, followed by a subsequent grant of letters to the witness.

Mr. Ross: We object to the admission of any evidence of a conversation on the part of Mr. Breisch relating to this note, for the purpose of showing an acknowledgment in the nature of a promise to pay, until it has appeared that the person to whom the remark was made was the representative of the estate of David D. Diehl, clothed with authority to collect the note, and that the promise was made to the person in that capacity.

By the court: Objection overruled.[1]

Q. When you found that note amongst the papers of Sophia Diehl what did you do with it? A. I took it along; all the papers along, I think. Q. Was it appraised? A. It was appraised, yes. I thought it was all right. Q. And made a part of her inventory? A. Yes, sir. Q. Now you took the inventory to Mr. Breisch's store? A. Yes, sir. Q. And there you had a conversation with him about that note? A. Yes, after the inventory was signed by him. Then he said, " I think that note must be paid now," and I told him, " Yes, I had to collect it."

By the court: Q. What were his words? A. That is as near as I can give it in English. We were talking in German. He said, " I think that note must be paid now ;" I told him, " I had to collect it and I wanted the money."

Mr. Shellenberger: Q. What did he say in reply to that? A. He asked, " Must it be paid right away ? " and I told him, " Oh! no, I would give him time;" then he said, " Henry Croman ought to pay that note," and I said, " Yes, if they do," and then he wanted me, said that I should get the money from them fellows; " Well," he said, " if I must pay it, it is very hard for me;" he said, " In case they don't pay it, let me know it, then I will pay it; I don't want to have any trouble any further." That was all that was said about that note that day.

The will of David D. Diehl was then put in evidence, dated July 17, 1865, admitted to probate May 2, 1882, and letters

thereon to Mrs. Sophia Diehl. The inventory in the estate of Sophia Diehl, deceased, dated July 30, 1885, was also put in evidence, embracing the note in suit as a part of her estate.

David T. Breisch, a defendant, called in his own behalf, denied that he had promised Mr. Stull that he would pay the note, as testified to by the latter. .

The court, in the charge, submitted the facts to the jury and answered the points presented on the part of David T. Breisch, as follows:

1. Assuming that Breish stated to the plaintiff as follows: "If I must pay it, it is very hard for me; in case they (the Cromans) do not pay the money, let me know and then I will pay it; I don't want to have any trouble;" such language does not constitute a sufficient promise to take the case out of the statute of limitations.

Answer: Refused. I refer you to the general charge as to whether these and the other facts in the case constitute such a promise as the law requires.[2]

2. A promise which is sufficient to toll the operation of the statute of limitations must be clear, distinct, and unequivocal, leaving no uncertainty as to the particular debt and without restrictions or conditions.

Answer: This is true.

3. A promise to pay, in order to toll the statute of limitations, must be made to the creditor or his authorized representative.

Answer: This is true.

4. In this case, the facts being admitted that when the conversation between the plaintiff and Breisch, one of the defendants named, occurred, the plaintiff was not the administrator d. b. n. c. t. a. of said David D. Diehl, the payee in the note, but was acting as the executor of Sophia Diehl, and represented her estate, no promise or acknowledgment made to him would constitute a waiver of the bar of the statute of limitations.

Answer: With this point you will have nothing to do. The above facts are undisputed, and the court reserves the question of law arising thereon.[3]

5. The verdict of the jury, under the evidence and testi-

mony in this case, must be in favor of the defendant, David
T. Breisch.

Answer: Refused. That is the question for you to deter-
mine.[4]

The jury returned a verdict in favor of the plaintiff and
against defendants Henry R. Croman and David T. Breisch for
$496.12, and the same day a rule was granted to show cause
why judgment should not be entered in favor of defendant,
David T. Breisch, non obstante veredicto.

On January 24, 1887, after argument of the foregoing mo-
tion, the court, YERKES, P. J., filed the following opinion:

The fourth point submitted by counsel for David T. Breisch,
one of the defendants named, and which the court was re-
quested to answer in writing, is as follows, viz: "In this case,
the facts being admitted that when the conversation between
the plaintiff and Breisch, one of the defendants named, oc-
curred, the plaintiff was not the administrator d. b. n. c. t. a. of
said David D. Diehl, the payee in the note, but was acting as
the executor of Sophia Diehl, and represented her estate, no
promise or acknowledgment made to him would constitute a
waiver of the bar of the statute of limitations."

The point was not answered, but the question of law was
reserved.

The same question, (as to the effect of the conversation of
the defendant, Breisch, with the executor of Sophia Diehl, de-
ceased,) which the point was intended to raise, arose and was
discussed upon objections to the admission of the evidence of
Mr. Stull. The point was equivalent to a motion to withdraw
from the jury the evidence of Mr. Stull, relating to the con-
versation with Mr. Breisch, and, if answered in the affirma-
tive without qualification, would have been decisive of the
case, there not being other evidence, standing alone, sufficient
to sustain a verdict for plaintiff. In that case, the facts being
undisputed, the point would be properly reserved, and, if true,
judgment can now be entered for the defendant non obstante
veredicto: Wilde v. Trainor, 59 Pa. 442; Koons v. W. U. Tel.
Co., 102 Pa. 169; Ferguson v. Wright, 61 Pa. 258.

By reserving the point and submitting the evidence, the

court left the case go to the jury in all respects as if the point had been refused, and consequently the verdict for the plaintiff must stand, unless the point should have been affirmed and a verdict directed in favor of the defendant, Breisch. The point is defective, however, in that it omits to recite a material fact, on the subject of the competency of the evidence of Mr. Stull, and tending to show that, in his character of executor of Sophia Diehl, he was such a person as could receive a promise, or acknowledgment amounting to a promise to pay, from Mr. Breisch, such as would toll the running of the statute. Therefore a refusal to affirm the point would not have been error : City of Altoona v. Lotz, 114 Pa. 238.

Neither could the point have been answered without a reference to this fact and a consequent qualification. This material fact, inadvertently omitted from the point reserved, and which it was necessary to include in it, in order to require a direct answer and to make the question of law decisive of the case, is the bequest in the will of David D. Diehl, deceased. The will is as follows : " I give and bequeath unto my beloved wife, Sophia, all my real and personal estate, &c., . . . . . . . together with all my outstanding money or claims of every kind, forever." This bequest included the note in suit. The point admits that Mr. Stull was the executor of Sophia Diehl, and represented her estate when the conversation with Mr. Breisch occurred. When the evidence of Mr. Stull was admitted, the will of David D. Diehl had not been formally offered and received in evidence, but it was put in evidence before the close of plaintiff's case. It appears to us, its effect was to attach to the evidence of Mr. Stull a greater scope than it before possessed. It showed that when the admissions were made to him by Mr. Breisch, he was not such a stranger that an acknowledgment or promise to him, otherwise sufficient to toll the running of the statute, would not be binding upon the debtor. By the will, the note in suit belonged to the estate of Sophia Diehl, of which Mr. Stull was then the executor, and although he might not sue upon it in that capacity, he was such an owner of the note that a promise to him would be binding upon Mr. Breisch, the debtor.

Where, in a suit upon a note, commenced more than six

years after the maturity of the note, it appeared that within the six years, and after the death of the wife, but before her husband had taken out letters of administration, the maker had acknowledged the debt to the husband, and had promised to pay the note, the Supreme Court held that the husband was not a stranger, but was the owner of the note in question, as part of his wife's estate. He could therefore receive a promise to pay, or an acknowledgment consistent with such a promise. When he took out letters, he was competent to sue upon the claim thus acknowledged : Keely v. Wright, 5 W. N. 241. The principle involved is the same in both cases. Mr. Briesch, by making an inventory of the note in Sophia Diehl's estate, while serving as a sworn appraiser, acknowledged her ownership of the note, and is estopped from now denying it.

It is immaterial whether the point recites all the facts, applicable to the question sought to be raised by it, because, taking all the facts upon the question, there is nothing in the evidence on which a point could have been reserved that would have warranted a judgment for the defendant non obstante veredicto. And the verdict, being in favor of the plaintiff, must stand : Clark v. Wilder, 25 Pa. 314. All the facts were submitted to the jury, under instructions which we deemed sufficient and correct, and we have nothing to do with them in this opinion.

And now, January 24, 1887, it is ordered that judgment be entered on the verdict in favor of plaintiff, upon payment of the verdict fee.[5]

Judgment having been entered upon the verdict, the defendant David T. Breisch took this writ, assigning as error:

1. The admission of plaintiff's offer.[1]
2. The answer to the defendant's first point.[2]
3. The answer to the defendant's fourth point.[3]
4. The answer to the defendant's fifth point.[4]
5. The order directing judgment for the plaintiff.[5]

Mr. George Ross (with him Mr. L. L. James), for the plaintiff in error:

1. When the alleged promise was made to the plaintiff, he was in the capacity of executor of Mrs. Diehl, the widow, and

was not the agent or representative of the estate of the deceased payee. Whether he might become entitled to collect the note depended entirely upon his being vested with that right by virtue of letters of administration. Keely v. Wright, Admr., 5 W. N. 241, is to be distinguished. In that case, the husband to whom the promise was made was by the intestate law the owner of his deceased wife's securities, subject to the rights of creditors; but a debt payable to David D. Diehl did not belong to Stull as the executor of Mrs. Diehl. Stull was then without power to enforce any promise made to him.

2. The promise when made, must be made to the plaintiff or his authorized agent: Gillingham v. Gillingham, 17 Pa. 302; Kyle v. Wells, 17 Pa. 286; to an agent known as the creditor's agent at the time: McKinney v. Snyder, 78 Pa. 497; F. & M. Bank v. Wilson, 10 W. 261; Bott v. Stoner, 12 W. N. 106; Johns v. Lantz, 63 Pa. 324. That the defendant was an appraiser of the note as of the estate of Mrs. Diehl, did not conclude him from making defence to it, nor was it such an acknowledgment as to toll the bar of the statute: Bell's Est., 25 Pa. 92.

3. The declaration of the defendant to the plaintiff just after the inventory of Mrs. Diehl's estate was made, was no admission that there was a present, subsisting debt which the defendant owed, but on the contrary, a disclaimer of indebtedness, then a complaint of the hardship of exacting payment from him, and finally a conditional undertaking or assumption, only, and upon a future contingency. In this view, the first and fifth points of the defendant should have been affirmed: Senseman v. Hurshman, 2 W. N. 693; Love v. Hough, 2 Phila. 350; Miller v. Baschore, 83 Pa. 356; Lawson v. McCartney, 104 Pa. 356; Montgomery v. Cunningham, 104 Pa. 349; Palmer v. Gillespie, 95 Pa. 340; Painter's App., 18 W. N. 441; Shaeffer v. Hoffman, 113 Pa. 1; Landis v. Roth, 109 Pa. 621; Wambold v. Hoover, 110 Pa. 9.

*Mr. Richard Watson* (with him *Mr. J. Monroe Shellenberger* and *Mr. Mahlon H. Stout*), for the defendant in error:

1. R. S. Stull was not a stranger when the promise was made. As the executor of Mrs. Diehl he was entitled to the money owing upon the note. His subsequent administration

upon the estate of her deceased husband was only for the purpose of raising a legal plaintiff, in whose name to bring suit: Keely v. Wright, 5 W. N. 241.

2. The words and acts of the defendant were a clear, distinct and unequivocal acknowledgment of the particular debt or note in suit, and have the same effect as a promise to pay: Palmer v. Gillespie, 95 Pa. 340; Yost v. Grim, 116 Pa. 527.

3. Whether the defendant's fourth point was properly reserved or not is immaterial. He was not entitled to an affirmance of it, and the reservation did him no harm: Altoona v. Lotz, 114 Pa. 238.

OPINION, MR. JUSTICE PAXSON:

This record presents but two questions, viz: (*a*) whether the promise was made to the proper person, and (*b*) if so, whether it was sufficiently distinct to take the case out of the statute of limitations.

It is settled law that the promise must be made to the plaintiff or his authorized agent. A promise made to a stranger who has no interest in the transaction does not bind the promising party. Gillingham v. Gillingham, 17 Pa. 302; Kyle v. Wells, 17 Pa. 286; McKinney v. Snyder, 78 Pa. 497. The rule that the promise must be made to the plaintiff or his agent means nothing more, however, than that it must be made to a party in interest. Thus it was held in Keely v. Wright, 5 W. N. 241, that where a promise had been made to the husband, after the death of his wife, but before he had taken out letters of administration upon her estate, the promise was binding upon the party making it. The ground of this decision was that the husband was not a stranger, but was the owner of the note in question as part of his wife's estate.

In the case in hand the note originally belonged to the estate of David D. Diehl. He died, leaving a will in which he bequeathed his estate to his wife and appointed her the executrix of his will. She filed an inventory, but never filed a settlement of his estate. The note in controversy was never collected, but she received the interest for some time. Mrs. Diehl then died testate, having appointed Reuben S. Stull her executor. The note was included in the inventory of her estate, of which David T. Breisch, one of the defendants below,

was an appraiser. Subsequently Stull took out letters d. b. n. c. t. a. upon the estate of David D. Diehl and brought this suit to recover the amount due on the note. The promise in question was made before he took out the letters upon David D. Diehl's estate and while he was the executor of the estate of Mrs. Diehl. Upon this state of facts we have no hesitation in holding that he was such a party in interest as made the promise binding. He was the executor of Sophia Diehl and she was the party in interest. She was the owner of the note, subject to its liability for David D. Diehl's debts. Her executor cannot therefore be said to be a stranger. Indeed it is difficult to see how a binding promise could have been made to any one else.

Nor are we in any doubt as to the second proposition. The words of the defendant Breisch relied upon to take the case out of the statute are as follows : " In case they (the other parties to the note) don't pay it; let me know it, then I will pay it; I don't want to have any trouble any further." This is clear and distinct. There was no question about the identity of the note or its amount. The promise was unequivocal to pay if the others did not. The others did not pay and the defendant is liable.

Judgment affirmed.