S. M. SPANGLER, EXRX., v. F. J. SPANGLER.

ERROR TO THE COURT OF COMMON PLEAS OF ADAMS COUNTY.

Argued May 29, 1888—Decided October 1, 1888.

1. A promise to pay a debt, otherwise barred by the statute of limitations, is insufficient to toll the bar of the statute unless made to the party in interest or to his agent.

2. So also, proof of the declarations of the debtor to strangers to the transaction, that he had acknowledged the indebtedness to his creditor and promised him to pay it, is insufficient to toll the bar of the statute.

3. Where a point is presented for instructions, that under all the evidence the plaintiff is not entitled to recover, it is error to decline an answer and reserve the question of law arising: the questions reserved and the facts on which they arise must distinctly appear of record.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 12 May Term 1888, Sup. Ct.; court below, No. 308 August Term 1887, C. P.

On July 28, 1887, Franklin J. Spangler brought assumpsit against Sarah Maria Spangler, executrix of the will of Emanuel Spangler, deceased. The defendant pleaded the statute of limitations.

The cause was tried on December 2, 1887, when it was shown that in March, 1865, Andrew Brame, who had been drafted into the military service of the United States, employed Franklin J. Spangler, the plaintiff, as his substitute. The plaintiff was a

youth of nineteen living with his father Emanuel Spangler, the defendant's decedent. There was evidence that his father had permitted the plaintiff to make the contract for his own benefit and to receive the consideration as his own. As the consideration for the employment, on March 18, 1865, Andrew Brame executed his bond in the sum of $1,000, payable to Franklin J. Spangler on March 18, 1866, which bond was delivered to Emanuel Spangler, the father, for safe-keeping while the plaintiff was in the service. On April 1, 1865, the obligor paid to Emanuel Spangler $500 on account of the bond. The plaintiff returned from the army in August, 1865, and in March, 1867, the remaining $500 was paid to him by Brame, and the bond, which had been in the possession of the father until that time, was surrendered and cancelled. Emanuel Spangler died testate on August 25, 1886, and on September 6th following letters testamentary were granted to his widow, Sarah Maria Spangler. This suit was brought to recover the payment on the bond made to Emanuel Spangler on April 1, 1865.

To meet the plea of the statute various offers were made by the plaintiff to prove declarations made by Emanuel Spangler, within six years before the suit, wherein he had stated to the witnesses that the plaintiff had demanded payment of the money or a note for it, and that he had refused the note but told the plaintiff he owed him the $500 and intended to pay him. These offers were objected to, the objections overruled and testimony admitted.

Of the four witnesses, whose testimony was of like character, one was Edward Gochenaucr, by whom the plaintiff proposed to prove that in the spring of 1884, in York Springs borough, he met Emanuel Spangler who invited him to ride home with him in his buggy; that on the way home Mr. Spangler began to talk of his troubles with Franklin, and said that he and Franklin had had an interview a very short time before, when Franklin wanted him to sign a note for the $500 substitute money, and he had refused to do so because he was afraid that if Franklin had a note he would then give him trouble, but he had told Franklin that he should have patience, that he owed him the $500 and intended to pay him; this for the purpose of removing the bar of the statute. The offer was objected to, because the declarations, having been made to the

witness, a stranger to the transaction, were inadmissible for the purpose proposed.

By the court: The objection is overruled.[4]

The testimony of the witness fully supported the offer.

The plaintiff requested the court to charge, inter alia:

3. If the jury find from the evidence that Emanuel Spangler told Leander Brame and Edward Gochenauer, or either of them, that since January, 1884, he had talked with his son Franklin, the plaintiff, who wanted him to give him a note for the $500, and that he had refused to do so because he was afraid he would give him trouble; but that he had told his son that he owed him the $500, and intended to pay him, this was such an acknowledgment of the debt, and promise to pay it, as would remove the bar of the statute of limitations.

4. If the court be of the opinion that the evidence, if believed by the jury, establishes a trust between Emanuel Spangler and his son, then the court is requested to charge the jury that the statute of limitations does not apply.

The defendant requested the court to charge:

1. That under all the evidence in the case, and the law applicable thereto under the plea of the statute of limitations, the verdict of the jury must be in favor of the defendant.[6]

2. That in no event can there be a recovery of interest on the claim, either in whole or in part, under the evidence in the case.

The foregoing points were not answered.

The court, McClean, P. J., directed the following verdict, which was returned and entered:

Verdict for the plaintiff for $500 damages, and interest hereafter to be computed, subject to the opinion of the court upon the reserved questions of law presented by the defendant's points and the plaintiff's fourth point.

On the same day the defendant moved for judgment for the defendant non obstante veredicto.[7]

On December 20, 1887, the motion of the defendant was overruled, and judgment entered on the verdict in favor of the plaintiff for $538.50. Thereupon the defendant took this writ, and assigned as error, inter alia:

4. The admission of plaintiff's offer.[4]

Arguments.

6. The refusal of defendant's first point.[6]
7. The overruling of defendant's motion.[7]

*Mr. David Wills* (with him *Mr. George J. Benner*), for the plaintiff in error:

1. To take a case out of the operation of the statute, the acknowledgment must contain an unqualified and direct admission of a previous debt, which the party is willing to pay; it must be a promise to pay on demand, an immediate, unqualified promise to pay, without restrictions or conditions: Wesner v. Stein, 97 Pa. 322; Kensington Bank v. Patton, 14 Pa. 479; Miller v. Baschore, 83 Pa. 356; Landis v. Roth, 109 Pa. 621; Hostetter v. Hollinger, 117 Pa. 606. The promise must be made to the party in interest: Gillingham v. Gillingham, 17 Pa. 302; Kyle v. Wells, 17 Pa. 286; McKinney v. Snyder, 78 Pa. 497; Croman v. Stull, 119 Pa. 91.

2. The evidence having been admitted, however, we raised the question in our first point. The court not only did not affirm the point but did not answer it. It was error to reserve the question. A reservation of a question upon "all the evidence" is bad: Smith v. Arsenal Bank, 104 Pa. 518; Richboro Dairymen's Ass'n v. Ryan, 16 W. N. 383; Buckley v. Duff, 111 Pa. 223. The question of law reserved, and the facts on which it arises, must be distinctly put on the record: Fayette City v. Huggins, 112 Pa. 1; and defendant was entitled to an answer to her points: Huddleston v. West Bellevue, 111 Pa. 110.

*Mr. J. C. Neely*, for the defendant in error:

1. The evidence shows clearly the manumission of the plaintiff by his father and establishes the relation of debtor and creditor between them: McCloskey v. Cyphert, 27 Pa. 220; Galbraith v. Black, 4 S. & R. 207; United States v. Mertz, 2 W. 408; Torrens v. Campbell, 74 Pa. 470; Beaver v. Bare, 104 Pa. 58; Delaware Co. N. Bank v. Headley, 17 W. N. 557.

2. The statements of Emanuel Spangler, made to the witnesses as to the words he had used to his son in acknowledgment of his debt to him and his promise to pay it, were made repeatedly and with solemn deliberation and care. They were made expressly to justify his conduct to his son, and to show

that he had not disputed the debt but had acknowledged it and promised to pay it. These statements were therefore in the nature of direct proof and of great weight: Greenawalt v. McEnelley, 85 Pa. 352. And the acknowledgment and promise to the plaintiff were amply sufficient to remove the bar of the statute: Shaeffer v. Hoffman, 113 Pa. 1; Bolton v. King, 105 Pa. 78; Palmer v. Gillespie, 95 Pa. 340; Wesner v. Stein, 97 Pa. 322.

3. If there was any irregularity in reserving questions of law for further hearing the plaintiff in error has no right to complain, for it was at the request of her counsel that it was done. She offered no evidence, and the court submitted the case to the jury and was about to answer the points of plaintiff and defendant when the counsel for the defendant below made request of the court that a verdict be taken for the plaintiff, with the law question as to the statute of limitation reserved.

OPINION, MR. JUSTICE GREEN:

The proposition that a promise to pay a debt, otherwise barred by the statute of limitations, must be made to the party in interest or his agent, in order to toll the statute, has been definitely settled by several decisions of this court. In Gillingham v. Gillingham, 17 Pa. 302, COULTER, J., said: "This case is ruled by Kyle and Wells, decided at this term, the opinion in which case was foreshadowed by dictums in Morgan v. Walton, 4 Pa. 321, and in Christy v. Flemington, 10 Pa. 129, and which establishes definitively and distinctly that a promise, to take the case out of the statute of limitations, must be made to the plaintiff or his agent." In McKinney v. Snyder, 78 Pa. 497, the subject was fully reviewed by our brother PAXSON, who carefully stated the difference between our own decisions and those of England and some of our sister states, and who concluded his observations by saying: "a promise made to a stranger is a mere declaration of intention, which the promisor may change at pleasure." Our latest utterance upon this subject was made in Croman v. Stull, 119 Pa. 91, decided February 27, 1888: "It is settled law that the promise must be made to the plaintiff or his authorized agent. A promise made to a stranger who has no interest in the transaction does not bind the promising party." This is enough. We think it should be understood now that this is the law of our state.

In the present case there was no testimony showing a promise or acknowledgment made by the debtor to the creditor.

There was evidence that the debtor said to the witness, who was a stranger, that he had said to his creditor, who was his son, that he would pay him, and it is argued that this is the same thing as proof of a promise made directly by the debtor to the creditor. This, however, cannot be so in any point of view. The evidence is still that of a stranger testifying to a conversation with himself, and not with the creditor, and the only difference is as to the character of the conversation. In the one case the declaration of the debtor is that he will pay the debt, and this when made to a stranger does not bind the debtor, not because it is not a promise of a sufficiently definite and binding character, but because it is made to one who has no interest. In the other case the declaration is by the debtor that he told the creditor he would pay. This is no higher grade of promise than the former, and the medium of proof being of the same vicious character as the former, to wit, a declaration made to a stranger, its effect, as establishing an obligation, can be no greater. We are of opinion that the declarations received in evidence were not sufficient to toll the statute, and that the defendant's first point should have been affirmed. The assignments of error are all sustained.

Judgment reversed.