## Marshall *v.* Brick.

*Promissory notes—Statute of limitations.*

In an action upon two promissory notes each for $200 against the maker of the notes by the indorser who had been compelled to pay them, it appeared that at the time the notes became due, the bank which held them had another note of the maker for $500. Subsequently the maker gave the bank a note for $900 as collateral security for the three notes, and paid interest to the bank on the $900 note, and part of the principal until it was reduced to $600. The maker directed that all the payments, made on account of principal, should be appropriated on the $500 note. The suit by the indorser against the maker was not brought until more than seven years after the maturity of the $200 notes. *Held*, that the payment of interest to the bank on the $900 note did not toll the statute of limitations on the $200 notes as against the indorser.

An acknowledgment of a debt in order to take it out of the statute of limitations must be clear, distinct and unequivocal, and be plainly referable to the debt upon which the action is based.

Argued Nov. 22, 1900. Appeal, No. 168, Oct. T., 1900, by plaintiff, from order of C. P. Chester Co., Oct. T., 1899, No. 34, refusing to take off nonsuit in case of Joseph N. Marshall v. Timothy S. Brick. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit by indorser against maker on two promissory notes.

From the record it appeared that the two notes sued upon were as follows:

"$200.          WEST CHESTER, PA., October 1, 1892.

"Thirty days after date I promise to pay to the order of

Joseph N. Marshall two hundred dollars at the Farmers' National Bank of West Chester, Pa., without defalcation, for value received.

"T. S. BRICK."

Indorsed by Joseph N. Marshall and Davis Pennock.

"$200.          WEST CHESTER, PA., October 29, 1892.

"Thirty days after date I promise to pay to the order of Davis Pennock two hundred dollars at the Farmers' National Bank of West Chester, Pa., without defalcation, for value received.

"T. S. BRICK."

Indorsed by Davis Pennock and Joseph N. Marshall.

When the above notes became due the bank held a third note made by Brick for $500. On July 5, 1893, Brick gave to the bank a note for $900 as collateral security for the three notes. This note was as follows:

"$900.          WEST CHESTER PA., July 25, 1893.

"Sixty days after date I promise to pay to the order of myself at the Farmers' National Bank of West Chester $900, without defalcation, for value received, this note being given in part as collateral security for two other notes of $200 each, indorsed by Joseph N. Marshall.

"T. S. BRICK."

Brick paid interest on the $900 note and part of the principal until it was reduced to $600. He directed that all the payments made on account of the principal should be appropriated to the $500 note. By a suit brought in March, 1897, Marshall was compelled to pay the two $200 notes. The present suit was brought by him against Brick on October 2, 1899.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Charles H. Pennypacker*, for appellant.—Payment of interest to the bank was a clear and distinct recognition of the debt from which a promise to pay was reasonably deducible: Souder's

Est., 169 Pa. 239 ; Wright v. Jordan, 181 Pa. 100 ; Hancock
v. Melloy, 189 Pa. 569 ; Byles on Bills,* 361 ; Dowling v. Ford,
11 M. & W. 329 ; Palmer v. Gillespie, 95 Pa. 340.

*Alfred P. Reid,* for appellee.—An accommodation payee or
indorser can recover from the maker only on the contract of in-
dorsement, and the statute of limitations begins to run against
the action from the maturity of the bill or note, irrespective of
the time that he may have paid the debt to the holder.   The
payment of interest to the bank did not toll the statute : Ken-
nedy v. Carpenter, 2 Wharton, 344 ; Farmers' Bank of Reading
v. Gilson, 6 Pa. 51 ; Hostetter v. Hollinger, 117 Pa. 606 ;
Croman v. Stull, 119 Pa. 99 ; Gillingham v. Gillingham, 17 Pa.
302 ; Kyle v. Wells, 17 Pa. 286 ; Wesner v. Stein, 97 Pa. 322 ;
Spangler v. Spangler, 122 Pa. 358 ; Montgomery v. Cunningham,
104 Pa. 349 ; Clark v. Maguire, 35 Pa. 259 ; Shitler v. Bremer,
23 Pa. 413 ; Huff v. Richardson, 19 Pa. 388 ; Suter v. Sheeler,
22 Pa. 308 ; Burr v. Burr, 26 Pa. 284 ; Shaffer v. Shaffer, 41
Pa. 51 ; Barclay's Appeal, 64 Pa. 69 ; Landis v. Roth, 109 Pa.
621 ; Wells v. Wilson, 140 Pa. 645.

OPINION BY ORLADY, J., March 19, 1901 :
T. S. Brick, this defendant, made two notes of $200 each at
thirty days, one dated October 1, 1892, to the order of Joseph
N. Marshall, and the other October 29, 1892, to the order of
Davis Pennock, both of which were indorsed by Marshall and
Pennock, discounted by the Farmers' National Bank of West
Chester, and the proceeds thereof paid to Davis Pennock, Mar-
shall being an accommodation indorser on both notes.

The notes were not paid at maturity and were duly protested.
Soon thereafter the bank, which at the time was the holder of
another note made by Brick for $500, took from him (Brick)
a note for $900, to be held as a collateral for his note of $500
and the two $200 notes.

After giving this note, discounts and payments on account
of its principal were paid by Brick to the bank for several years,
and he directed that the reductions should be appropriated to
his $500 note.   Suit was brought against Marshall, as indorser
on the two $200 notes, and he was obliged to pay them.   He
then brought this suit, on October 2, 1899, against Brick, the

maker, who pleaded the statute of limitations. A nonsuit was entered by the court and the plaintiff urges on this appeal that, inasmuch as the two notes represented in this action were included in the $900 collateral note, and that interest on their aggregate was regularly paid by Brick to the bank, this was such an acknowledgment as would bar the running of the statute.

There is no question but that the two $200 notes formed a constituent part of the $900 note, the latter being a consolidation of the three notes on each of which Brick was originally liable as maker, and as such debtor he had the right to direct the application of the payments made by him. Brick had no defense as against the bank, and the payment of interest on that indebtedness was not a recognition or admission of liability to Marshall who had no control over the collateral note. It was not given at the time the liability of Marshall was created. The meritorious cause of action was on the contract of indorsement of the notes payable in 1892, but this suit was not brought until nearly seven years had passed.

The payments of discounts and on account of the principal were made by Brick to the bank as his creditor and not as the agent of Marshall; and under authority of McKinney v. Snyder, 78 Pa. 497, and Spangler v. Spangler, 122 Pa. 358, they cannot be held to be more than a "mere declaration of intention which the promisor may change at pleasure," and as such were insufficient to toll the statute.

To entitle the plaintiff to recover the acknowledgment and promise to pay must be clear, distinct and unequivocal, and be plainly referable to the debt upon which the action is based: Palmer v. Gillespie, 95 Pa. 340; Keener v. Zartman, 144 Pa. 188; Beal & Simons v. Adams Express Co., 13 Pa. Superior Ct. 145; Foringer v. Sisson, 14 Pa. Superior Ct. 266.

There was no evidence to connect the payments made by Brick with the notes on which this suit is founded, and the plaintiff's proof was that the payments made were, by Brick's direction, to be appropriated to the $500 note.

The judgment is affirmed.