## A. J. KEHRER v. JOE WEISMUELLER AND ANOTHER.[1]

February 6, 1931.

No. 28,206.

*W. F. Odell,* for appellant.
*P. W. Morrison,* for respondent.

STONE, J.

Action on promissory note against the makers. Defendants Weismueller are husband and wife. A verdict was directed against the husband for the full amount of the note, and he appeals from the order denying his alternative motion for judgment notwithstanding or a new trial. A verdict was directed in favor of the wife, and she is not a party to the appeal.

Plaintiff sues as administrator of the estate of Andrew Weismueller. Defendants executed and delivered to him the $2,500 note in suit January 14, 1916. It matured January 14, 1921. The payee died August 31, 1920. The note is outlawed under G. S. 1923 (2 Mason, 1927) § 9191, unless certain payments of interest have the effect of tolling the statute. Id. § 9204. The payments in question are those for the years 1926 to 1928, inclusive. Defendant Joe Weismueller, a son of plaintiff's decedent, after the latter's death, made some payments of interest to the widow, his mother. She had no authority from plaintiff, as administrator or otherwise, to

[1]Reported in 234 N. W. 690.

receive those payments. But the undisputed evidence is that the interest payment for 1927 was made by defendant Joe to his sister Theresa Weismueller, then living with her mother, and that she immediately turned the payment over to plaintiff as "the interest money" on the note in suit.

If the payment had been made to one having no authority to receive it, nothing more appearing, the running of the six-year limitation of the statute would not have been interrupted. 37 C. J. 1170. Courts disagree as to whether a payment to the widow or next of kin of a deceased creditor will toll the statute. Cited for the affirmative are Croman v. Stull, 119 Pa. 91, 12 A. 812; Hill v. Hill, 51 S. C. 134, 28 S. E. 309; and for the negative Visher v. Wilbur, 5 Cal. App. 562, 90 P. 1065, 91 P. 412; Kisler v. Sanders, 40 Ind. 78. That question need not trouble us now. Neither need we bother with the proposition for appellant that "a payment made to one who does not assume to act as the agent of the creditor cannot be ratified by the latter so as to make the transaction his own." 37 C. J. 1170.

Remains the controlling fact that here the payment, although first given to an unauthorized third person, was made "with the understanding" that it was to be "paid to the creditor on the debtor's debt," (37 C. J. 1170) and was so paid at once. Carroll v. Forsyth, 69 Ill. 127. Appellant's sister was a mere conduit for the payment. We hold therefore that it was made to plaintiff himself. To rule otherwise would be to permit the form and a mere technical characterization of the transaction to control as against its real substance. That we cannot do.

We do not overlook the argument for appellant that his payments to the sister were not made with the understanding that they were to be paid to plaintiff as creditor. Possibly, in a technical sense, there is basis for that argument in the record. There is no direct evidence, aside from the act itself, of appellant's understanding or purpose in making the payments. But he knew what he was doing. The inference is unavoidable that he intended each payment for just what it was, a liquidation of the interest due at the

moment. The payment was so made. Having been turned over immediately to the creditor, it has the same effect, we think, as though it had been made directly to him.

Order affirmed.