## Cremer's Estate.

5ws331
182 606
5 WS 331
30 SC 287
j 30 SC 291

Endorsements of payments upon a bond, in the handwriting of the obligee, furnish no evidence of the fact of payment such as will avoid the effect of the lapse of time, which raises a presumption of payment of the bond, unless such endorsements must necessarily have been made before the lapse of that time which raises the presumption of payment.

THIS was an appeal from the decree of the Orphans' Court of *York* county, making distribution of the estate of Andrew Cremer deceased. The balance in the hands of the executors, as ascertained by an auditor, was $4173.71, of which sum the distributive share of each heir was $321.05. But the facts also appeared that the testator held a bond of his son, Peter Cremer, conditioned for the payment of $374.57, which being a sum greater than his share, he was entitled to no part of the estate. This bond was dated the 4th of April 1810, and was payable the 1st of April 1811; and it was contended that it was barred by the presumption of payment. There were many payments of interest endorsed upon the bond, and among them one dated 28th January 1821; one dated 24th October 1821, and one dated 19th May 1823; which were proved to be in the handwriting of the testator, who died in July 1832. There were also two endorsements of interest paid, signed by Elizabeth Cremer, his executrix, dated 23d October 1832, and 26th September 1836; which were proved by the deposition of S. R. M'Allister to have been made by him at her request, she at the time telling him she had received the amount, and she being now dead. These facts were relied upon to repel the presumption of payment; and upon an exception to the report of the auditor, the court below (DURKEE, President) set it aside, and decreed the share of Peter Cremer to be paid to his assignees. From this decree the other distributees appealed.

*Mayer*, for appellant, argued that the endorsements made against the interest of the party, and within the twenty years, especially in a case between father and son, were sufficient to repel the presumption of payment. 1 *Watts & Serg.* 143; 14 *Pick.* 391; 2 *Vez.* 43; 2 *Strange* 826; 1 *Barnard* 432; 4 *Phil. Ev.* 172, 175, 143; 11 *Conn.* 531; 4 *Johns. Chan.* 293; 3 *Whart.* 149; 2 *Wend.* 59; 9 *Watts* 441.

*Fisher*, contra, argued that the evidence was wholly incompetent to prove the fact of payment of interest on the bond; the endorsements, for aught that appeared, may all have been made

[Cremer's Estate.]

after the lapse of that time, which was an absolute bar to a recovery on the bond, and perhaps for the purpose of avoiding the effect of it, and made too by the party interested to furnish such evidence as would enable him to recover. 2 *Watts* 218 ; 8 *Mod.* 279; 2 *Ld. Raym.* 1370 ; 1 *Phil. Ev.* 117 ; 2 *Camp.* 321 ; 17 *Johns.* 183 ; 1 *Watts & Serg.* 244.

PER CURIAM.—In every case hitherto, the endorsements were certainly made before the expiration of the time necessary to close the bar of the statute of limitations, or to raise the presumption of payment they were produced to repel; and they were clearly made in prejudice of the creditors' interest at the time. Such is the ground on which they were received in *Addams* v. *Seitzinger*, in which they were compared to memoranda charging the writer, made by a party since dead. But the comparison fails where the interest involved points the other way. It is said the law presumes in favour of honesty. It certainly does so in the absence of a motive to be dishonest; but such is the infirmity of our nature, that it is not in the course of human affairs for mankind to resist the impulses of selfishness. Hence the petition dictated by Infinite Wisdom, not to be led into temptation; and what temptation so persuasive as the expectation of gain ? The law is so uncompromising on this head, that it excludes the purest and best man in the community from testifying in a cause which involves his property to the value of a farthing; and it equally guards against the working of interest in every other case. The party, therefore, who produces an endorsement of partial payment, must satisfactorily show that it was made when it could have been done to revive a cause of action extinguished by lapse of time. With this restriction, the rule is not only a safe but a good one; without it, the abuse of it would induce the Legislature here, as the Parliament has done in England, to abolish it altogether. The exact time of the obligee's death in this instance is not exactly known, but more than twenty years from the day of payment had elapsed at the probate of his will; and it therefore does not appear that the endorsements were not made when it was his interest to sacrifice a part rather than the whole. The bond, therefore, was properly stricken out of the report, as not being an available part of the intestate's estate.

Decree affirmed.