John E. Hart, Executor of John Hart, deceased, v. John Bucher, Appellant.

*Mortgage—Presumption of payment—Rebuttal of presumption—Receipt indorsed on bond.*

Credits indorsed on a bond in the handwriting of the obligee are not evidence sufficient to rebut the presumption of payment unless the credits are affirmatively shown to have been made within twenty years, and at a time when it was against the interests of the obligee to make them; so where the death of the promisee occurred after the presumption arose, proof of signature alone is not sufficient.

Argued May 19, 1897. Appeal, No. 89, Jan. T., 1897, by defendant, from judgment of C. P. Lancaster Co., Dec. T., 1893, No. 28, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Scire facias sur mortgage. Before BRUBAKER, J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,768.75. Defendant appealed.

. *Error assigned* was in giving binding instructions for plaintiff.

*J. Hay Brown*, with him *A. J. Eberly* and *W. U. Hensel*, for appellant.—It is true that if there had been evidence to show when this receipt was actually indorsed on the bond, and the evidence had shown that the indorsement was actually made within the twenty years, it would have been sufficient to rebut the presumption (Runner's Appeal, 121 Pa. 649), but it is respectfully submitted that nowhere in his testimony does B. B. Flickinger, the only witness who was called to prove the indorsement, say when it was actually made. It is, therefore, contended that this in itself is sufficient to sustain the assignment of error, that the court erred in holding that this receipt was conclusive evidence to rebut the presumption of payment.

*Wm. D. Weaver* and *Benjamin F. Davis*, for appellee.—Receipts indorsed are evidence made by a plaintiff for himself, and upon general principles would not be receivable at all. The exception is admitted, because indorsements by the plaintiff are declarations against his own interest, when made within six years from the promise: Shaffer v. Shaffer, 41 Pa. 53; Adams v. Seitzinger, 1 W. & S. 243; Runner's App., 121 Pa. 655; Beale's Executors v. Kirk's Administrator, 84 Pa. 415.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 11, 1897:

This scire facias was brought November 29, 1893, by the executor of the mortgagee who died September 26, 1892, more than twenty years after the maturity of the mortgage debt. For the purpose of rebutting the presumption of payment which had arisen from lapse of time, the plaintiff offered the following indorsement on the bond recited in the mortgage, under date of April 1, 1885, viz : "John Bucher paid the interest on the within bond up to April 1, 1885;" (signed) "John Hart," and attested by B. B. Flickinger. The attesting witness, Flickinger, was called and testified to the genuineness of John Hart's signature, but no offer was made to prove that the indorsement was actually written on the bond at the time it bears date. Without further evidence on the subject, the learned trial judge charged that the indorsed acknowledgment rebutted the pre-

sumption of payment arising from lapse of time, and directed the jury to render a verdict in favor of the plaintiff for the amount of his claim.    In this we think there was error.    If the evidence intended to rebut the presumption of payment was sufficient to go to the jury, on the question as to when the indorsement was actually made, it should have been submitted to them with proper instructions, instead of being withdrawn from their consideration by binding instructions to find for the plaintiff.    But the evidence was insufficient to even justify submission of that question to the jury.    From the fact (doubtless) that the indorsement bore date prior to the time when the presumption of payment would arise, in connection with proof of the genuineness of John Hart's signature, the learned judge erroneously assumed that the payment of interest credited on the bond was made at the time the indorsement bears date, or at least "before the presumption of payment had ripened;" but, in a long line of cases, from Cremer's Estate, 5 W. & S. 331, to the present time, it has been held that credits indorsed on a bond in the handwriting of the obligee are not evidence of actual payment sufficient to rebut the presumption, until they are affirmatively shown to have been made within twenty years, and at a time when it was against the interest of the obligee to make them: Runner's Appeal, 121 Pa. 649.    Proof of signature alone is not sufficient where the death of the promisee occurred after the presumption arose; but it is otherwise, where it occurred before the presumption arose; for that fact shows conclusively that the indorsement of credit was made before the presumption closed on the claim: Adams v. Seitzinger, 1 W. & S. 243.    The death of plaintiff's testator in this case having occurred after the expiration of the twenty years, the evidence relied on by the plaintiff to rebut the presumption of payment arising from lapse of time was insufficient, and the judgment cannot be sustained.

Judgment reversed and a venire facias de novo awarded.