## Peters *v.* Rothermel, Appellant.

*Promissory notes—Statute of limitations—Indorsement as tolling the statute —Husband and wife—Decedents' estates.*

The husband of an intestate payee of a promissory note, although not administrator of the intestate, has such an interest in the note that indorsement by him of the payment of interest upon the note will toll the running of the statute.

Where it is sought to toll the running of the statute of limitations against a promissory note by means of indorsements of the payment of interest on the note, it must be shown that the indorsements were made at the dates at which they purported to have been made respectively.

The principle upon which the indorsement of a payment on a promissory note by the holder thereof is admissible to toll the running of the statute of limitations is that it is against the interest of the party making it, but this is true only when the indorsement is made prior to the date at which the statute becomes a bar, and in order, therefore, to give it the effect that it should have, it is necessary to show that the indorsement was made at the time at which it purports to have been made, otherwise, if made after the statute had become a bar, although dated before, it might be a merely self-serving declaration.

Argued Nov. 14, 1905.    Appeal, No. 109, Oct. T., 1905, by defendant, from judgment of C. P. Berks Co., April T., 1902, No. 12, on verdict for plaintiff in case of David K. Peters and Sarah Kaufman, Administrators of Sarah Peters, deceased, v. John K. Rothermel.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Assumpsit on a promissory note.    Before ERMENTROUT, P. J.
The facts are stated in the opinion of the Superior Court.

The court charged as follows :

It appears from the testimony that John K. Rothermel made and delivered his promissory note dated April 1, 1886, which reads as follows :

" MAIDENCREEK, April 1, 1886.

" One year after date I promise to pay to Mrs. Sarah Peters one thousand dollars without defalcation for value received at five cents interest.

" $1000.00          (Signed)          JOHN K. ROTHERMEL."

By the terms of the note it became due one year after date, April 1, 1887. Were there nothing else in the case, defendant would be entitled to a verdict [but a witness, David K. Peters, is called by the plaintiff, and he, being duly sworn, says that on the back of this note there are various indorsements, the first five of them being in his mother's handwriting and the last three being in the handwriting of his father, Benjamin Peters, the husband of Sarah Peters.

According to these indorsements, if his testimony is believed, the last payment of interest was made April 1, 1896. This suit was brought March 1, 1902. In other words, six years had not elapsed between the time of the last payment of interest and the bringing of this suit, so that the payment of interest would bar the statute of limitations and would entitle the plaintiffs to recover. If you believe the testimony of David K. Peters—and there does not seem to be anything submitted in the case impeaching his credibility, in the judgment of the court —your verdict will be for the plaintiffs for $1,000, principal, and interest, $373.55, making a total of $1,373.55.] [4]

Defendant presented these points :

1. The testimony submitted by the plaintiffs shows that the plaintiffs are not the owners of the note in suit, and that defendant is not indebted to plaintiffs, and the verdict must be for the defendant. *Answer :* Negatived without reading. [1]

2. Treating the note as that of Sarah Peters, she having been deceased since 1893, no person excepting a personal representative of Sarah Peters, duly constituted, could be her agent for the receipt of interest upon the indebtedness evidenced by the note and to make indorsements thereon so as to prevent a bar of the statute of limitations. The testimony shows there

was no such personal representative until 1902, and, therefore, the indorsements of payment of interest made upon the said note do not prevent a bar of the statute of limitations if the note be treated as belonging to the estate of Sarah Peters. *Answer:* Negatived without reading. [2]

3. Under all the testimony in the case the verdict must be for the defendant.  *Answer :* Negatived without reading. [3]

Verdict and judgment for plaintiff for $1,373.55.   Defendant appealed.

*Errors assigned* were (1, 4) above instructions, quoting them.

*Cyrus G. Derr,* with him *Ira P. Rothermel,* for appellant.— If a husband can upon the death of his wife, intestate, without administration, take into his possession and make it his property, her promissory note, then in this case the taking into his possession by Benjamin K. Peters, after his wife's death, of the promissory note in question, the treatment of it as his own by the receipt of interest must be regarded as vesting the title thereto in him, and the appellees, plaintiffs below, who are not administrators of Benjamin, but administrators of Sarah, raised after Benjamin's death, have no title to the note and it was error in the court to have refused the appellant's first point : Keely v. Wright, 5 W. N. C. 241.

If Benjamin could not, because Sarah died leaving children, take the said promissory note into his possession and make it his own, then he, the said Benjamin, was not entitled to receive the interest by him and the indorsements of such payments on the note are ineffectual by way of tolling the statute : Page's Estate, 75 Pa. 87 ; Keely v. Wright, 5 W. N. C. 241.

In questions such as this, involving the tolling of the statute of limitations, the payment by a debtor on account of his debt is the pertinent circumstance and an indorsement of credit on the note is simply evidence of payment, and the question which should be submitted to the jury is as to whether a payment, of which the indorsement is some evidence, was actually made, and not as to whether the indorsement is in the handwriting of the creditor, wherefore it was error in

the court below to say to the jury that if the indorsements respectively were in the handwriting of Sarah Peters and her husband, they must find a verdict for the plaintiff.

*W. K. Stevens,* of *Stevens & Stevens,* for appellee.—Payment to Benjamin Peters, the husband of Sarah Peters, deceased, tolled the bar of the statute of limitations: Keely v. Wright, 5 W. N. C. 241; Croman v. Stull, 119 Pa. 91.

Although the statute had begun to run before Mrs. Peters's death, the payment to Benjamin Peters having tolled the running of the statute, it would not again begin to run until after taking out letters of administration upon Mrs. Peters's estate: Marsteller v. Marsteller, 93 Pa. 350; Amole's Administrators' Appeal, 115. Pa. 356; Riner v. Riner, 166 Pa. 617.

The evidence of David K. Peters was uncontradicted, and proved that the indorsements, which were the evidence of payment, were in the handwriting of Benjamin Peters. Therefore, if the jury believed David K. Peters, the uncontradicted testimony was of evidence of payment, and the court should have instructed the jury as to the legal effect of this testimony: Dinan v. Supreme Council, 210 Pa. 456.

OPINION BY BEAVER, J., March 12, 1906:

The action in the court below was upon a promissory note of the defendant, dated April 1, 1886, payable one year after date. The testimony of the plaintiff showed that the indorsements of the payment of interest prior to April 1, 1894, were in the handwriting of Sarah Peters, the payee of the note. Subsequently to that time, namely, April 1, 1894, April 1, 1895, April 1, 1896, indorsements of interest for one year each were in the handwriting of Benjamin Peters, the husband of Sarah Peters, who died January 9, 1897.

It is objected on the part of the defendant that the payments of interest to Benjamin Peters and the indorsement by him does not bind the defendant, in so far as they toll the running of the statute, for the reason that Peters was a stranger to the note and the payments, even if made as indorsed, did not have that effect.

It appears from the evidence that Sarah Peters, who died intestate, left her husband, Benjamin Peters, and at least one

son to survive her.    The husband had an interest in the note, as one of the heirs of his wife, being entitled to a share of her personal estate.    It seems to us, therefore, that he was not a stranger to the note, although not the legal representative of the decedent, and that his indorsement of the payments of interest, if such payments were actually made at the times at which they purported to have been made by the indorsements upon the note, would bind the defendant and would toll the running of the statute : Keely v. Wright, 5 W. N. C. 241; Croman v. Stull, Admr., 119 Pa. 91.    In the latter case it was said : " The rule that the promise must be made to the plaintiff or his agent means nothing more, however, than it must be made to a party in interest."    It seems to us, therefore, that, whether the husband were entitled to the whole or only to a part of the note, he had such an interest as warranted his making the indorsements shown to be in his handwriting, and that the same, if properly proved, would bind the defendant, so as to toll the running of the statute.

Another question, however, is raised by the defendant's assignments of error, which is more serious.    David K. Peters, the administrator of the decedent, being called as a witness and his testimony having been admitted under objection, testified as follows: " Q. Look at that note (handing it to witness) ; in whose handwriting are those indorsements—the last three ?    A. My father's, Benjamin Peters.    Q. Were you acquainted with the handwriting of Benjamin Peters ?    A. Yes, sir.    Q. Have you seen him write ?    A. Yes, sir, I have seen him write.    Q. Who was Benjamin Peters ?    A. My father.  Q. What relation did he bear to Sarah Peters ?    A. He was her husband."    The indorsements referred to were dated April 1, 1894, April 1, 1895 and April 1, 1896.    Were payments of interest made at the several dates named and were the indorsements made at the several times at which they purported to have been made ?    There was no evidence in regard to these facts and the court submitted the case to the jury as to the credibility of David K. Peters, saying : " If you believe the testimony of David K. Peters—and there does not seem to be anything submitted in the case impeaching his credibility, in the judgment of the court—your verdict will be for the plaintiff for $1,000, principal and interest, $373.55, making a

total of $1,373.55." This instruction is assigned for error. Was it correct?

It is to be remembered that the note, which was the basis of the action, fell due April 1, 1887. The first indorsement of interest in the handwriting of Benjamin Peters was April 1, 1894. The statutory period of limitation had, therefore, expired before the first indorsement was made. There is evidence, it is true, that certain indorsements upon the note were in the handwriting of Sarah Peters, the payee. What they were and when they were made, however, does not appear in the evidence, the only evidence upon that subject being that of David K. Peters who testified : " Q. Were you acquainted with the handwriting of Sarah Peters? A. Yes, sir. Q. Have you seen her write ? A. Yes, sir, I have seen her write. Q. In whose handwriting are the indorsements prior to 1894 ? A. In my mother's, Sarah Peters." If the indorsements thus made were offered in evidence, it does not appear by the record, as printed. They are not included in the offer of the note and the indorsements of 1894, 1895 and 1896. It was perhaps assumed in the court below and by counsel here that the indorsements made by Sarah Peters postponed the time for the beginning of the running of the statute beyond the date of the maturity of the note. This may be a fact, but it does not appear in evidence, and we must, therefore, take the indorsements made by Benjamin Peters for just what they were worth. Having been made, therefore, after the statutory period had closed, the reason for their admission fails and it is doubtful whether, standing alone, they are even admissible in evidence.

The principle upon which the indorsement of a payment on a promissory note by the holder thereof is admissible to toll the running of the statute of limitations is that it is against the interest of the party making it, but this is true only when the indorsement is made prior to the date at which the statute becomes a bar and, in order, therefore, to give it the effect which our decisions, contrary to those in England, have determined that it should have, it is necessary to show that the indorsement was made at the time at which it purports to have been made ; otherwise, if made after the statute had become a bar, although dated before, it might be a merely self-serving declaration.

In Addams v. Seitzinger, 1 W. & S. 243, after discussing the grounds upon which such indorsements are admissible as evidence, Mr. Chief Justice Gibson says: "But the rule, guarded as it was in England and as it still is here, allows not such a memorandum to go to the jury, unless it appears to have been made when the creditor had no motive to give a false credit, but when, on the contrary, he had the all-prevailing inducement of interest to avoid the appearance of it; that is, when the period necessary to give effect to the statute or to raise a presumption of payment had not elapsed and, consequently, when to give a false credit would have been to throw so much away. With this qualification, such evidence cannot operate injuriously; for it is not to be supposed that a creditor could so far mistake his interest as to sacrifice a part of it to save the residue, when no part of it was in danger. It is possible that a weak man might do so, but it is inconsistent with the ordinary course of human action."

In Shaffer v. Shaffer, 41 Pa. 51, Mr. Justice Strong, who was of counsel in the case previously cited, says: "Indorsements made by the promisee, before the statute has closed upon the right to maintain suit, are undoubtedly evidence of corresponding payments, to remove the bar of the statute, in this state, though no longer in England; but it has always been held that they are not evidence at all, unless proved to have been made while the statute was running: Addams v. Seitzinger, 1 W. & S. 243; Cremer's Estate, 5 W. & S. 331. They are evidence made by a plaintiff for himself, and upon general principles would not be receivable at all. The exception is admitted, because indorsements by the plaintiff are declarations against his own interest, when made within six years from the promise. When made afterwards, the reason for their admission entirely fails."

In Hart, Exr., v. Bucher, 182 Pa. 604, Mr. Justice Sterrett, in delivering the opinion of the court, says: "For the purpose of rebutting the presumption of payment which had arisen from lapse of time, the plaintiff offered the following indorsement on the bond recited in the mortgage, under date of April 1, 1885, viz: 'John Bucher paid the interest on the within bond up to April 1, 1885;' (signed) 'John Hart' and attested by B. B. Flickinger. The attesting witness, Flickinger, was called

and testified to the genuineness of John Hart's signature, but no offer was made to prove that the indorsement was actually written on the bond at the time it bears date. Without further evidence on the subject, the learned trial judge charged that the indorsed acknowledgment rebutted the presumption of payment arising from lapse of time, and directed the jury to render a verdict in favor of the plaintiff for the amount of his claim. In this we think there was error. If the evidence intended to rebut the presumption of payment was sufficient to go to the jury on the question as to when the indorsement was actually made, it should have been submitted to them with proper instructions, instead of being withdrawn from their consideration by binding instructions to find for the plaintiff. But the evidence was insufficient to even justify submission of that question to the jury."

In view of the fact that in this case the time elapsing between the maturity of the note and the first indorsement made by Benjamin Peters was more than six years, and between the last indorsement made by him and the bringing of suit by the administrators of Sarah Peters was within one month of the completion of the statutory period of limitation, it was important that these several indorsements should have been shown to have been made at the dates at which they purported to have been made respectively. There is no evidence upon this subject and the mere identification of the handwriting of Benjamin Peters was not conclusive evidence of the fact and dates of payment, as thereby indicated. The fourth and fifth assignments of error, are therefore, sustained.

The rule in Marsteller v. Marsteller, 93 Pa. 350, claimed by the appellee as being applicable to this case, does not apply, for the reason that a cause of action had accrued before the death of Sarah Peters. The rule in Marsteller is that the statute begins to run at the date suit may be commenced and, once begun, it is not stayed by a party's death. If no action accrued prior to the death, none accrues until grant of administration, and statute runs from such grant. The later cases cited by the appellee support the same rule but they have no application here for the reason already stated that the right of action was complete before the death of Sarah Peters.

Judgment reversed, with a new venire.

RICE, P. J., dissenting:

The note in suit was dated April 1, 1886, and was payable one year after date. Sarah Peters, the payee, died January 31, 1893, letters of administration upon her estate were issued December 7, 1901, and this action was brought by her administrators March 1, 1902. In their statement of claim they declared on the note, and averred that the defendant had paid the interest up to April 1, 1896. Attached to their statement and made part thereof, was what purported to be a copy of the note and the indorsements thereon, as follows:

" April 1 interest paid for one year . . . . . 1887.
    April 1 interest paid for one year . . . . . 1888.
    April 1 interest paid for one year . . . . . 1889.
    April 1 interest paid for one year . . . . . 1890.
    April 4 interest paid for one year . . . . . 1891.

    April 1 interest paid for one year . . . . . 1894.
    April 1 interest paid for one year . . . . . 1895.
    April 1 interest paid for one year . . . . . 1896."

The defendant pleaded the general issue, and on the day of trial added the plea of the statute of limitations. On the trial the plaintiffs offered to prove by David K. Peters, who is a son and one of the administrators of the estate of Sarah Peters, that Benjamin Peters, who died January 9, 1897, was her husband, and that the indorsements from April 1, 1887, to and including April 4, 1891, are in the handwriting of Sarah Peters and the three remaining indorsements in the handwriting of Benjamin Peters. Objection was made that the witness was not competent to testify to anything occurring before the death of Sarah Peters, whereupon the court said: " Separate the offers. Start in and prove that which is admitted to be competent." Adopting this suggestion, the plaintiffs proved by the witness that the last three indorsements are in the handwriting of Benjamin Peters, the husband of Sarah Peters, and then offered in evidence the note, together with these three indorsements. They then recalled the witness and under objection and exception were permitted to show by him that the indorsements from April 1, 1887, to and including April 4, 1891, are in the handwriting of Sarah Peters. The testimony of the

witness was not shaken upon cross-examination; indeed, he was not cross-examined at all. Here the plaintiffs rested, and no testimony was offered by the defendant. The court submitted to the jury the question whether the indorsements were in the handwriting of Sarah Peters and Benjamin Peters, and I can find nothing in the record of the trial or in the paper-books of either side to indicate that the submission of that question, so far as it related to the indorsements in the handwriting of Sarah Peters, was or is questioned by counsel upon the ground that those particular indorsements were not in evidence. I think it quite clear that both court and counsel considered them in evidence for what they were worth, and, therefore, we ought to dispose of the case here upon that theory. If not, then the judgment ought to be reversed without a new venire. To be more explicit, if there is no evidence that we have a right to consider of payment of interest prior to the indorsements in the handwriting of Benjamin Peters, we must reject these indorsements also; for in the supposed case the right of action was barred by the statute when they were made, and therefore they would not be evidence against the defendant of a constructive acknowledgment of the debt.

Assuming, however, as I think we ought, that the indorsements in the handwriting of Sarah Peters are in evidence, the question of the effect to be given to the indorsements made after her death becomes important.

The defendant's counsel requested the court to charge: " The testimony submitted by the plaintiffs shows that the plaintiffs are not the owners of the note in suit, and that defendant is not indebted to plaintiffs, and the verdict must be for the defendant." The testimony here referred to is that relating to the last three indorsements in the handwriting of Benjamin Peters made after the death of Sarah Peters and before letters of administration were issued upon her estate. But proof that the payments represented by these indorsements were made to him would not, of itself, warrant the inference that he had in some way acquired exclusive ownership of the note as against her children, who became administrators of her estate, and who have the note in possession.

Nevertheless he was not a stranger, but by reason of his relation to the deceased had such an interest in the note that an

acknowledgment or promise to him, otherwise sufficient to toll the statute, would be quite different in its effect from one made to a stranger.   According to the doctrine of the cases cited in Judge BEAVER's opinion (Keely v. Wright, 5 W. N. C. 241; Croman v. Stull, Adm., 119 Pa. 91) if he afterward had taken letters of administration and brought suit upon the note, the plea of the statute would have been met successfully by satisfactory proof in that suit of such promise or acknowledgment. I cannot see that the fact that the letters of administration were issued to the children is ground for holding differently in the action brought by them.

Indorsements of payments on an instrument of indebtedness by the creditor, being against his interest, are evidence of corresponding payments, to prevent the operation of the statute, but not without satisfactory proof that they were made before the statute was a bar: Addams v. Seitzinger, 1 W. & S. 243; Cremer's Est., 5 W. & S. 331; Shaffer v. Shaffer, 41 Pa. 51; Hart v. Bucher, 182 Pa. 604.   Sarah Peters died within six years after the date of the maturity of the note, and Benjamin Peters died within six years after the date of the last indorsement made by Sarah; therefore the evidence brought both sets of indorsements within the rule above stated.   But, as the appellant's counsel well say, it is the promise, not the indorsement which is evidence of it, that tolls the statute; hence, they argue, the court ought to have submitted to the jury the question, whether the defendant made the respective payments represented by the indorsements, as well as the question, whether the indorsements are in the handwriting of Sarah Peters and Benjamin Peters respectively.   If there were any circumstances, though slight, tending to cast doubt or suspicion upon the evidence, furnished by the indorsements, or to suggest the possibility of some other explanation of them, I would fully concur with the learned counsel in this proposition; but I can find nothing upon which the jury would have been warranted in basing a suspicion even, that Sarah Peters and her husband set about the commission of what Chief Justice GIBSON designated " at least a moral forgery " against their son-in-law, " to obviate the anticipated consequences of their own apprehended supineness."   Assuming, as the jury found, that the indorsements were made by them, there is no warrant

in the evidence for any other reasonable inference than that they truly represent corresponding payments. Under the circumstances, the charge to the jury is sustainable upon the principle laid down in Dinan v. Supreme Council, 210 Pa. 456.

Taking the view I feel constrained to take as to the indorsements in the handwriting of Sarah Peters, and considering the assignments of error in the light of the evidence furnished by them as well as the other indorsements, I am compelled to differ from the majority of my brethren, and to conclude that the judgment ought to be affirmed.

Judge Porter authorizes me to say that he concurs in the foregoing dissent.