## Keiber, Administrator, etc., *v*. Keiber, Appellant.

*Judgments—Judgment notes—Entry in presumption of payment—Rule of court—Schuylkill County.*

K. died in 1906, leaving a will by which he gave all his personal property and effects to his wife, M. whom he appointed his executrix. Among his effects was a note under seal of his son H. dated Oct. 4, 1902, payable three years after date. No letters testamentary were issued to M. but the note remained in her possession until her death in 1922. Then letters of administration c. t. a. were issued on the estate of K. to another son who in 1923 filed a petition under the rules of court of Schuylkill County for authority to enter judgment against H. on the note, and the rule granted pursuant thereto was made absolute.

*Held:* This action of the court was proper; that the presumption of payment began to run from the date the debt became due, not from the date of the note; and in any event was sufficiently rebutted by endorsements of interest on the note made by K. when against his interest to do so, and that alleged payments made by H. to M. on account of the note while in her possession could be shown on a rule to open the judgment and determine the amount due after allowing credit for payments made either to K. or to M. the equitable owner after K.'s death.

Argued December 8, 1926. Appeal No. 188, October T., 1926, by defendant from judgment of C. P. Schuylkill County, September T., 1923, No. 272, in the case of George Keiber, Administrator, etc., of the estate of Conrad Keiber. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Rule to show cause why judgment should not be entered. Before KOCH, J.

The facts are stated in the opinion of the Superior Court.

The Court made absolute the rule. Defendant appealed.

*Error assigned* was the order of the court.

*G. H. Gerber*, and with him *A. D. Knittle*, for appellant.

*Roscoe R. Koch,* for appellee.


OPINION BY KELLER, J., March 3, 1927:

Conrad Keiber died in 1906, having made his last will and testament wherein he gave and bequeathed to his wife, Mary Magdalena Keiber "all my household goods and effects and insurance, investments, securities and other personal property and effects which I may leave absolutely and unqualifiedly"; and appointed her the executrix. The will was duly admitted to probate, but no letters testamentary were ever issued to the wife.

Among his effects at the time of his death was a non-negotiable note, under seal, of his son Henry Keiber for $1100 dated October 4, 1902, and payable three years after date, with five per cent interest, which contained the usual warrant of attorney to confess judgment for said sum against the maker in favor of the said payee or his assigns. This note came into the possession of the widow along with the decedent's other personal property. Endorsements on the note signed by the decedent showed interest had been paid by the debtor to October 4, 1904.

Mary Magdalena Keiber died on February 28, 1922, still having the said note in her possession.

The Rules of Court of Schuylkill County provide with reference to the entry of judgments by confession:

"2. If a warrant of attorney, confession of judgment or a written power to enter and confess judgment be over ten years and under twenty years old, the court in term time, or a judge in vacation, must be moved for leave to enter judgment, which motion must be founded upon an affidavit of the due execution of the warrant, confession of judgment or written power, and that the money is unpaid, and the party or parties executing such instruments, or those against whom it is proposed to enter judgment, are living.

"3. If the warrant, confession of judgment or written power be over twenty years old, there must be a rule to show cause, based upon an affidavit, and that served upon the party personally, if within the state, and if without the state, notice of the rule shall be published for three weeks in the Schuylkill Legal Record."

The purpose of these rules is not to fix and establish the exact amount due and payable on the instrument at the time it is presented for entry as a judgment note, as by proceedings to open the judgment, but to overcome the apparent laches in entering judgment and satisfy the court that the signature to the note is genuine, that it is a valid and subsisting obligation and that the maker is living; and also in the case of warrants, etc., over twenty years old, to rebut the presumption of payment arising from the lapse of time; as by showing a demand of payment, and acknowledgment of the debt: 1 Troubat & Haly's Practice (Brightly's Ed.) Sec. 440, 6th Ed. (Bolles & Kirkpatrick) p. 602. The rule issued, as respects warrants over twenty years old, is not to determine the exact amount due on the note but to show cause why judgment should not be entered upon it. If on the rule a prima facie case is made out in favor of the note, judgment should be entered—thus securing the plaintiff his lien on the defendant's real estate—, leaving any substantial dispute as to the precise amount due to be settled by a rule to open: Hotchkiss v. Johnson, 13 Dist. 768 (WALLING, P. J.).

On July 23, 1923, letters of administration c. t. a. on the estate of Conrad Keiber were duly issued to his son, George Keiber, and on the same day the administrator filed a petition in accordance with the rules of court aforesaid, on which the court granted a rule on Henry Keiber to show cause why judgment should not be entered against him on said note.

Henry Keiber filed an answer admitting that he

gave the note to his father, but denying that it was the property of Conrad Keiber's estate, and averring that it is the property of his mother, Mary Magdalena Keiber's estate; and alleging that he had paid the expenses of his father's funeral and made payments to his mother in excess of the principal and interest of said note.

It is clear that following the death of Conrad Keiber, and the proving of his will, his wife, Mary Magdalena Keiber, became the equitable owner of the note, subject to any debts or liabilities of Conrad's estate. It was not necessary to collect it or otherwise convert it if not needed to pay his debts. But the legal title remained in Conrad's estate and if Mary Magdalena had wanted to proceed against the maker in her lifetime the legal plaintiff in the judgment entered upon it would have been Conrad Keiber's estate (by suggestion of the death of the payee and the grant of letters on his estate) and she would have been the use plaintiff. In such case—assuming that the note was not needed to pay Conrad's debts—any payment made by the debtor to Conrad Keiber in his lifetime, or after his death to Mary Magdalena, on account of the note, would have been proper credits to be applied on the judgment. The situation is not altered by the fact that the note was not entered as a judgment in Mary Magdalena's lifetime. The legal title remains in Conrad's estate; the equitable, in Mary Magdalena's estate. Whatever is recovered on the note is distributable to her estate, not to his next of kin; and after paying the direct inheritance tax due the Commonwealth, by reason of it, is distributable under her will, or if she died intestate, to her next of kin. It follows that any amounts paid by the debtor to her or for her, if at her instance and request, on account of the note should be allowed as credits on the judgment entered pursuant to the warrant of attorney which it contains.

The defendant was of opinion that such credits could not be allowed if the note was entered up as a judgment in favor of the legal plaintiff. This is an erroneous view. It is admitted that there is no existing indebtedness against the estate of Conrad Keiber. There is no reason therefore why the judgment should not be entered in the name of the legal plaintiff, but marked to the use of the equitable plaintiff, and due credit allowed thereon for any payments on account made by the debtor to either the legal or use plaintiff; such credits, however, must be payments on account of the indebtedness. And there is no occasion for transferring the controversy to another forum for settlement. The amount due can be determined in the court of common pleas as if on a rule to open.

The note was not due until October 4, 1905, hence the presumption of payment had not attached when application was made to enter the judgment, for the twenty years is counted from the date *"the debt becomes due"*: Eby v. Eby's Assignee, 5 Pa. 435, 437; or the "maturity" of the obligation: Sheafer v. Woodside, 257 Pa. 276, 279; but the endorsements of interest payments on the note to October 4, 1903 and October 4, 1904, respectively, proved to have been made in the handwriting of Henry Keiber, the debtor, and signed by Conrad Keiber, the creditor, who died in 1906, would have been sufficient to rebut the presumption of payment and justify the entry of judgment (Kitchen v. Deardoff, 2 Pa. 481; Darlington's Appropriation, 13 Pa. 430); for they were necessarily made and signed when they were declarations against the creditor's interest: Addams v. Seitzinger, 1 W. & S. 243; Shaffer v. Shaffer, 41 Pa. 51, 52; Hart v. Bucher, 182 Pa. 604, 606. They were supplemented by testimony of the debtor's unequivocal acknowledgment of the debt within twenty years.

The order of the court is affirmed and the record

remitted to the court below in order that the judgment may be marked to the use of Mary Magdalena Keiber's estate, after letters have been granted thereon, and a rule granted to open the judgment to determine the amount due thereon after allowing credit for the sums, if any, paid on account thereof to the legal and use plaintiffs respectively.