### Keiber, Adm., v. Keiber, Appellant.

Argued December 10, 1929.

PORTER, P. J., TREXLER, LINN, GAWTHROP, CUNNING-
HAM and BALDRIGE, JJ.

*Arthur L. Shay,* for appellant.

*Roscoe E. Koch,* for appellee.

OPINION BY CUNNINGHAM, J., January 29, 1930:

On October 4, 1902, the defendant, Henry Keiber, gave his father, Conrad Keiber, his judgment note for $1,100, payable three years after date, with interest at 5 per cent. Conrad Keiber died in 1906, after endorsing on the note two yearly payments of interest. He left a will by which he bequeathed all his personal property to his wife, Mary Magdalena Keiber. She died, possessed of the note, on February 28, 1922. After her death judgment against the defendant was entered on the note in accordance with the rules of court of Schuylkill County.

Pursuant to directions from this court (90 Pa. Superior Ct. 116) this judgment was opened to permit the defendant to show that he had made payments on account of the note to either the legal or use plaintiff. We were careful to point out at the time that the payments claimed as credits would have to be "payments on account of the indebtedness," p. 120.

The trial resulted in a directed verdict for the plaintiff on which judgment was entered. The record before us does not show an entry by the plaintiff of the remittitur directed in the court below, but we presume it was done and overlooked in preparing the record; otherwise the rule for a new trial was ordered to be made absolute.

The assignments complain of, (1) the directed verdict; (2) the refusal to instruct the jury that the evidence justified a finding that the defendant had paid his mother five dollars monthly from the date of the death of Conrad Keiber to the date of death of Mary Magdalena Keiber; (3) the refusal to admit in evidence an account book of the defendant; (4) refusal to submit the case to the jury; (5) directing the entry of judgment on the verdict, less $50, if remittitur in that sum be filed within ten days.

They all depend on whether there was any competent legal evidence of payments made by defendant on the note after his father's death, except the credits allowed by the plaintiff for funeral expenses and payments for water rent. No payments were endorsed on the note after Conrad Keiber's death.

The death of Conrad Keiber and Mary Magdalena Keiber closed the defendant's mouth as to any payments made by him on account of the note in their respective lifetimes, and unfortunately for him the evidence of his son and daughter was not sufficiently specific to establish the payments claimed to have been made or identify them as having been made on account of the note. Most of their important evidence was ordered to be stricken out by the court because it developed on examination by the court, or cross-examination by plaintiff, that they had no personal knowledge of the facts to which they had testified; and this action of the court was not objected to and is not assigned for error. That defendant did pay his mother $5 a

month for some period of time may fairly be gathered from the evidence, but as it was proved that his brothers were also making monthly payments to her, which were voluntary contributions for her support, in the absence of definite proof, which was lacking, that his payments were to be applied on account of the note, there is nothing to distinguish his payments from theirs. Even as to these payments, there is no definite evidence as to when they began or how long they continued. The account book offered in evidence was not admissible for any purpose. It was merely an account headed 'Cash,' and contained nothing to identify it with the note. It was not competent for admission as a book account, for the rule receiving in evidence books of original entry does not apply to self serving declarations of this character.

We agree with the learned court below that with the possible exception of a very few occasions there was no competent evidence of any payments made by defendant on account of the note beyond those admitted by the plaintiff. The remittitur fully covers all payments as to which there is anything approaching definite proof. There were no circumstances adduced in evidence justifying a finding by the jury of a presumption of payment short of twenty years.

The assignments of error are overruled and the judgment is affirmed.