# National Bank & Trust Company of Port Jervis v. Gebhart

*Clifton A. Cloud*, for plaintiff.

*Eli T. Conner, 3rd*, for defendants.

SHULL, P. J., March 16, 1942.—The facts in this case are:

"1. Plaintiff, The National Bank & Trust Company of Port Jervis, a banking corporation, duly organized and existing under the laws of the United States, having its principal banking office in the City of Port Jervis, Orange County, N. Y.

"2. Defendant, Isabelle Gebhart, resides in the Borough of Matamoras, Pike County, Pa.

"3. On the 25th day of May, 1933, defendant, Isabelle Gebhart and Herman Gebhart, her husband, made and delivered to plaintiff, The National Bank & Trust Company of Port Jervis, at Port Jervis, New York, their promissory note, a copy of which is hereto annexed and marked 'Exhibit A.'

"4. That thereafter and on or about the 14th day of May, 1936, the said Herman Gebhart died, testate, a resident of the Borough of Matamoras, Pike County, Pennsylvania, and the defendant Isabelle Gebhart was duly appointed executrix of his estate and duly qualified as such executrix and acted and is still continuing to act in that capacity. That letters testamentary were duly issued to said defendant, Isabelle Gebhart, by the Orphans' Court of Pike County, Pennsylvania, on or about the 23rd day of May, 1936.

"5. That said promissory note herein referred to was presented by plaintiff for payment and demand for payment was made, but payment thereof was refused and under the terms of the said note the entire amount of principal and interest thereupon became due and plaintiff, acting under the power and authority of the said note, sold or disposed of the said collateral referred to in said note, with the exception of the judgment of plaintiff against Joseph A. Schroeder, therein referred to, and accordingly credited on the said note the sum of $2,810.12, leaving a balance due of $3,182.88 with interest from May the 15th, 1936.

"6. That payment of the balance due of $3,182.88 and interest has been demanded and refused, and the defendant, Isabelle Gebhart, still refuses to pay either the balance of principal or interest of the said note or any part thereof.

"7. That plaintiff is the owner and holder of the said note.

"8. That defendant signed the note in suit as surety for her husband, Herman Gebhart, deceased, who received all of the moneys loaned by plaintiff upon said note.

"9. That since the 25th day of May, 1933, neither the individual defendant nor anyone in her behalf has made any payment of principal or interest whatsoever upon said note nor has made any acknowledgment in writing of the indebtedness thereby evidenced nor made any promise to pay the same."

Two questions are presented:

1. Is the statute of limitations a bar to this action?

2. Could Isabelle Gebhart, who was a married woman at the time of the execution and delivery of this note and who executed it as surety, be held liable in this action should the action not be barred by the statute?

First considering this action as it relates to Isabelle Gebhart individually on the question of bar of the statute of limitations, this note was made and delivered on May 25, 1933, is payable on demand, and the statute began to run at the time the note was delivered. This action was instituted on June 5, 1941, more than eight years after the execution and delivery of the note. The evidence in this case clearly establishes that Isabelle Gebhart made no payment on account of this note nor did she do anything which might toll the running of the statute of limitations; consequently, this action, being so barred, cannot be maintained against her as an individual. In addition to this reason, Isabelle Gebhart, was, at the time of the execution and delivery of this note and up to May 14, 1936, a married woman and, under the law of this Commonwealth, she had no capacity to become surety upon this note nor had she capacity to become a guarantor.

As to Isabelle Gebhart, executrix of the estate of Herman Gebhart, deceased, from the face of the note it appears that Herman Gebhart and Isabelle Gebhart

were joint makers of this note. The note is in evidence and upon the back of it appear certain entries of credits of principal and interest. There is absolutely no evidence before us to show by whom these entries were made, nor is there anything set forth in the entries which might disclose by whom they were made or by whom, if by anyone, any payment or payments were made upon this note to correspond with the entry that appears thereon. Even on a note of a single maker, while entries made by the payee, if made within the statutory period, are admissible in evidence, unless they are shown to have been made by the maker or someone having legal power to bind him, they are not sufficient to toll the running of the statute of limitations: Shaffer v. Shaffer, 41 Pa. 51.

In the case of a note with joint makers, a payment on account or an acknowledgment by one has no binding effect upon the other to toll the statute; and an endorsement of partial payment on the note, if it be shown to be in the handwriting of the payee, to have been made prior to the running of the statute, and to have been made by reason of a payment made at that time by one of the makers, is sufficient to toll the statute relative to the one making such payment but does not, and cannot, affect the rights of a joint or co-maker.

The note we have before us is a note of which Herman Gebhart and Isabelle Gebhart are the makers and The National Bank & Trust Company of Port Jervis is the payee. On the back of this note appear certain entries or notations giving credits for payment on account of principal and for payments on account of interest. The evidence fully discloses that Isabelle Gebhart, who was the wife of Herman Gebhart at the time of the making and delivery of this note, executed it as surety, and, therefore, could not be held liable at any time under the law of this Commonwealth. It is urged that this raises an inference that the payments were made by Herman Gebhart; but these facts do not relieve the plaintiff from proving that such pay-

ments as were made, whether of principal or interest, were made within the statutory period, made by Herman Gebhart, and that within that period the payments were such as to amount at law to an acknowledgment of the debt or that there was an acknowledgment of the debt by Herman Gebhart if his estate is to be held liable in this action.

There is no evidence in this case as to who made the entries upon the back of this note. If properly in evidence, it is our view that a presumption would arise that they were made at the dates as endorsed on the note. There is no evidence as to who made these payments; consequently, under the evidence before us, the note having been made May 25, 1933, and this action not having been instituted until June 1941, this plaintiff cannot recover.

### Conclusions of law

1. On a promissory note made payable on demand, the statute of limitations begins to run on the date of the note.

2. Where husband and wife execute a promissory note to raise funds to pay debts for which the husband alone is liable, no recovery can be had against the wife in an action on the note.

3. To recover in an action brought on a promissory note having joint or co-makers, which note is more than six years past due when the suit is brought and which note bears on its face entries giving credit for payments on account of principal and payments of interest, these endorsements must be supported by proof that they were made by a party having legal right to make them, that they were made within the statutory period, and by whom the payments were made.

4. Payments by one co-maker cannot waive the running of the statute of limitations relative to the other maker, nor can the statute be tolled by payments by anyone other than a promisee.

5. That judgment in this action should be entered for defendant, Isabelle Gebhart, as an individual.

6. That, under all the evidence in this case, judgment should be entered in favor of Isabelle Gebhart as executrix of the estate of Herman Gebhart, deceased.

And now, March 16, 1942, judgment is entered in favor of defendant, Isabelle Gebhart, as an individual, and in favor of defendant, Isabelle Gebhart, executrix of the estate of Herman Gebhart, deceased.