## Shaffer v. Rose et al.

*Robert Madore*, for plaintiff.
*Alvin L. Little*, for defendants.

WRIGHT, P. J., February 20, 1948.—We are here concerned with a rule to open a judgment entered November 18, 1947, on the confession contained in a promissory note not under seal. The note in question is dated April 1, 1935, and is payable 90 days after date. On the back thereof appears the following credit in the handwriting of the payee, "March 6, 1943, $5.00". Since this endorsement was not made until after the statute of limitations had run, it is not a declaration against interest, and is therefore not admissible in evidence: Shaffer v. Shaffer, 41 Pa. 51; Peters v. Rothermel, 30 Pa. Superior Ct. 281; Hart v. Bucher, 182 Pa. 604.

In their petition to open, defendants aver that the note has been paid in full. They also plead the statute of limitations. This latter plea is a valid and equitable defense which may be raised upon the opening of a confessed judgment: Commonwealth v. Perry et al., 330 Pa. 355. The defendant in such a judgment, who has had no day in court, should be given an opportunity to set up the statute even though no other ground of defense be shown: Bates v. Cullum, 163 Pa. 234. And if a judgment is opened generally on other grounds, the statute may nevertheless be pleaded as an additional defense: Sossong v. Rosar, 112 Pa. 197. This is in accord with the well-established rule that if a judgment is opened generally it is competent for defendant to make any legal defense: Whitmire v. Montgomery, 165 Pa. 253, 261; Long v. Morningstar, 212 Pa. 458, 462; Austen v. Marzolf, 307 Pa. 232, 236.

Counsel for plaintiff apparently concedes that the judgment must be opened. He contends, however, that the court should impose terms by limiting the defense to the statute of limitations. His argument is based upon the fact that defendants took no depositions. If payment was the sole defense alleged, since the averment thereof is denied and not supported by depositions, the judgment should not be opened: Feldman v.

Leace, 71 Pa. Superior Ct. 239. If averments of a petition are denied in the answer, depositions are necessary: Carr v. Aetna A. & L. Co., 263 Pa. 87; Rebic et al. v. Gulf Refining Co. et al., 122 Pa. Superior Ct. 149, 154; Long Co. v. Keystone P. C. Co., 302 Pa. 308, 315; Harr et al. v. Bernheimer et al., 322 Pa. 412, 414. In the present case, however, petitioners have alleged two defenses. We agree with their counsel that the taking of depositions regarding payment was not required since it was apparent from the pleadings that the judgment must in any event be opened on the second ground.

An application to open a judgment by confession is an equitable proceeding governed by equitable principles and addressed to the sound discretion of the court: George v. George, 318 Pa. 203; Michaels v. Moritz, 131 Pa. Superior Ct. 426. Such a judgment may be opened by the court without the imposition of any terms: Kelber v. Plow Co., 146 Pa. 485. We have concluded that the judgment in this case should be opened generally.

### Decree

Now, February 20, 1948, rule absolute. The judgment is opened generally. Plaintiff shall file a complaint within 20 days, and the action is to be proceeded with thereafter as though originally commenced in assumpsit. An exception is noted.